# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ROME DIVISION

| | |
|---|---|
| MICHAEL WILLIAM LEDFORD, <br>     Petitioner, <br> v. <br> ERIC SELLERS, Warden, Georgia Diagnostic Prison, <br>     Respondent. | 4:17-cv-211-WSD |

## OPINION AND ORDER

This matter is before the Court for consideration of Petitioner's motion to hold this matter in abeyance while he petitions the United States Supreme Court for certiorari to review the Georgia Supreme Court's denial of his certificate of probable cause to appeal the denial of his state habeas corpus petition before the Butts County Superior Court. [Doc. 36].

The petition for certiorari concerns the issue of whether Petitioner's trial counsel rendered ineffective assistance by presenting the testimony of two psychological experts during the penalty phase of Petitioner's trial. [See attachment to Doc. 36]. Those experts testified that Petitioner suffered from antisocial personality disorder and psychopathy, and Petitioner contends that such

evidence is aggravating and not mitigating and that trial counsel's choice to introduce the evidence was unreasonable and prejudicial.

Respondent opposes the motion, and the parties' argument centers on whether a stay of these proceedings will promote judicial efficiency and preserve judicial resources by preventing the issues in this case from being addressed by two courts at the same time. Petitioner has cited to a few cases in which stays have been granted in similar circumstances, while Respondent points out that, in some of those cases, the Supreme Court had already granted certiorari when the stay was granted. Petitioner also analogizes to Rhines v. Weber, 544 U.S. 269 (2005), where the Supreme Court held that district courts have discretion to stay a habeas corpus action in order to allow petitioners to return to state court to exhaust remedies. The Court noted, however, that "stay and abeyance should be available only in limited circumstances. Because granting a stay effectively excuses a petitioner's failure to present his claims first to the state courts, stay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims." Id. at 270.

This Court is, of course, concerned with the cause of judicial efficiency, but that concern cuts both ways. Avoiding the possibility that two courts might

consider the same issues must compete with this Court's review of a petition in a timely manner. When the chances of success of the petition for certiorari are slim, denying the stay is probably the more efficient choice.

It appears statistically unlikely that the Supreme Court will grant certiorari. Statistical evidence shows that in any given year, the Supreme Court will grant certiorari from one percent to five percent of the petitions filed.[1] This Court also notes, in considering if a stay is appropriate, the following discussion in Morton v. Sec., Florida Dept. of Corrections, 684 F.3d 1157 (11th Cir. 2012), in which the Eleventh Circuit considered a claim identical to the one raised by Petitioner in his petition for certiorari:

> Morton argues that [trial counsel] rendered deficient performance when they called Dr. DelBeato to testify at the retrial of the penalty phase because antisocial personality disorder "is no more mitigating than being 'evil' is mitigating," but we disagree. Habeas petitioners routinely ask us to rule that they received ineffective assistance when

---

[1] See, e.g., Kedar S. Bhatia, "Likelihood of a Petition Being Granted," DAILY WRIT, available at http://dailywrit.com/2013/01/likelihood-of-a-petition-being-granted/ (noting that in 2011-12 session, 0.9% of cert. petitions granted); SUPREME COURT PRESS, "Supreme Court Success Rate on a Writ of Certiorari," available at http://www.supremecourtpress.com/chance_of_success.html (2.8% in 2010-11 session); VALUE WALK, "An Empirical Analysis Of The Factors Involved In Supreme Court Certiorari Decisions From 2001-2015," available at http://www.valuewalk.com/2016/06/supreme-court-certiorari-decisions/ (noting a 5% rate overall).

> their trial lawyers failed to present evidence of an antisocial
> personality disorder, so [trial counsel] chose a mitigation strategy that
> many post conviction lawyers contend can be effective. Although we
> have stated that evidence of antisocial personality disorder is not good
> mitigation, we have never ruled that a capital defense lawyer renders
> ineffective assistance as a matter of law when he introduces evidence
> of antisocial personality disorder for mitigation purposes. And for
> good reason. In <u>Eddings v. Oklahoma</u>, the Supreme Court of the
> United States explained that "the Eighth and Fourteenth Amendments
> require that the sentencer . . . not be precluded from considering, as a
> mitigating factor, any aspect of a defendant's character or record and
> any of the circumstances of the offense that the defendant proffers as a
> basis for a sentence less than death." 455 U.S. 104, (1982) (alteration
> in original) (internal quotation marks omitted). And the Supreme
> Court ruled that a sentencing court violated the constitutional rights of
> the defendant by failing to consider expert testimony that the
> defendant had an "antisocial personality." <u>Id.</u> at 107-08.
>
> In the light of <u>Eddings</u>, there cannot be a per se rule that a lawyer
> renders ineffective assistance by presenting evidence of an antisocial
> personality disorder for purposes of mitigation. . . . That a diagnosis of
> antisocial personality disorder has negative characteristics or presents
> a double-edged sword renders it uniquely a matter of trial strategy that
> a defense lawyer may, or may not, decide to present as mitigating
> evidence.

<u>Morton</u>, 684 F.3d at 1167-68 (citations other than <u>Eddings</u> omitted).

Because of the likelihood that this Court will be asked to rule on this issue, the Court will not comment on the merits of the claim presented in <u>Morton</u> because the claims and arguments presented by the Petitioner may be different and distinguished from those presented to the Eleventh Circuit in <u>Morton</u>. <u>Morton</u>

4

does, however, support that there may not be judicial inefficiency in granting the stay requested. As a result, Petitioner's motion, [Doc. 36], is **DENIED**. This Court will reconsider the issue if the Supreme Court grants certiorari.

**SO ORDERED** this 3rd day of January, 2018.

*/s/ William S. Duffey*
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE